AO 245B (Rev 11/25)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| | |
|---|---|
| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
| V. | |
| **Seth Roderick Farrar** | Case Number:  **1:25CR00114-001JB** |
| | USM Number:  **57417-511** |
| | Defendant's Attorney:  **Nicole Moss, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **1 and 2 of Indictment**.

☐ pleaded nolo contendere to count(s)  which was accepted by the court.

☐ was found guilty on count(s)  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. Sec. 875(c) | Interstate Communications with a Threat to Injure | 06/04/2024 | 1-2 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) .

☐ Count(s)  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**September 15, 2025**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**November 20, 2025**
Date

AO 245B (Rev 11/25)   Judgment in a Criminal Case
        Sheet 4 - Probation

DEFENDANT: **Seth Roderick Farrar**
CASE NUMBER: **1:25CR00114-001JB**

# PROBATION

You are hereby sentenced to probation for a term of: **5  years**.

**As to each of Counts 1 and 2 a term of 5 years is imposed; said terms shall run concurrently for a total term of 5 years.**

**For the reasons stated on the record at the sentencing hearing held September 15, 2025, the Court varies downward.**

## MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*

4.  ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable)*

5.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state, local, or tribal sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

6.  ☐   You must participate in an approved program for domestic violence. *(Check, if applicable)*

7.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*

8.  You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.

9.  If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.

10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4.  You must answer truthfully the questions asked by your probation officer.

5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is

not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may, after obtaining Court approval, require you to notify that person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245B (Rev 11/25)   Judgment in a Criminal Case
                      Sheet 5 – Special Conditions                                                    Judgment - Page 4 of 7

DEFENDANT: **Seth Roderick Farrar**
CASE NUMBER: **1:25CR00114-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider.**

**You must take all mental health medications that are prescribed by your treating physician. You may be required to pay all, or a portion, of the costs of the program.**

**You must not communicate, or otherwise interact, with the victim(s), either directly or through someone else without prior approval of the probation officer.**

**You must undergo a sex offense-specific assessment to determine the level of risk for sexual dangerousness, recidivism, and amenability to treatment and formulate treatment recommendations if treatment is necessary.  You may be required to pay all, or a portion of the cost of the assessment.**

**You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer shall disclose the presentence report, any previous sex offender evaluations and/or other pertinent treatment records to the treatment provider.**

**If recommended in the sex offense-specific assessment, you must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation.  You must follow the rules and regulations of that program. The probation officer, in conjunction with the treatment provider, will supervise your participation in the program (location, modality, duration, intensity, etc.).  Furthermore, you must submit to clinical polygraph examinations, as directed by the probation officer and/or treatment provider. You may be required to pay a portion or all of the cost of the assessments and treatment.**

**You are prohibited from viewing or possessing any material that depicts sexually explicit conduct as defined in 18 U.S.C. 2256, including images, books, writings, drawings, video games, or videos depicting actual sexual intercourse.  This also includes computer or computer-generated images or pictures, whether made or produced by electronic, mechanical, or other means.  Should the sex offense-specific assessment determine this factor is not a risk, then this condition shall not be enforced.**

**You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data**

storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.

You must submit to a search of your person, property, residence, vehicle, papers, computers (as defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media, or office under your control. The probation officer may conduct a search under this condition only when reasonable suspicion exists, in a reasonable manner and at a reasonable time, for the purpose of detecting illegal narcotics, drug paraphernalia, weapons, firearms, ammunition, and all other forms of contraband . You must inform any residents or occupants that the premises may be subject to a search.

You must not have direct contact with children under the age of 18 years without written approval of the treatment provider in conjunction with the probation officer.  If you do have any direct contact with any child, you know or reasonably should know to be under the age of 18 years, including your own children, without the permission of the probation officer in conjunction with the treatment provider, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places. Should the sex offense-specific assessment determine this factor is not a risk, then this condition shall not be enforced.

The following mandatory and standard conditions are NOT imposed by the Court:

Mandatory Condition No. 3- You must refrain from any unlawful use of a controlled substance . You must submit to one drug test within 15 days of placement on probation and at least two periodic drug rests thereafter, as determined by the Court.

Standard Condition No. 7- You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation office excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. if you plan to change where you work or anything about your work (such as your position of your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming  aware of a change or expected change.

U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B (Rev 11/25)  Judgment in a Criminal Case
        Sheet 6 – Criminal Monetary Penalties

Judgment - Page 7 of 7

DEFENDANT: **Seth Roderick Farrar**
CASE NUMBER: **1:25CR00114-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments.

☐    The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Totals: | $200.00 | $N/A | $0.00 | $0.00 |

☐    The determination of the restitution is deferred until .  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A    ☒    In full immediately; or

B    ☐    $ due immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Court finds the Mandatory Restitution Act of 1996 is applicable in this case; however, no claim for restitution has been made by the victim(s) in this case. Therefore, none will be ordered.**

**Based on Defendant's lack of financial resources, the Court will not impose a fine or a portion of a fine. However, in accordance with U.S.S.G 5E1.2(e), the Court imposed a special condition that the Defendant participate in the location monitoring program. The Court concludes the total combined sanction without a fine or alternative sanction, other than the Defendant participate in the location monitoring program, is sufficiently punitive.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order:  (1) assessment,  (2) restitution principal,  (3) restitution interest,  (4) fine principal, (5) fine interest,  (6) community restitution,  (7) JVTA assessment,  (8) penalties; and  (9) costs, including cost of prosecution and court costs.

As the privacy of a victim(s) is of concern, the Court orders restitution to the victim referred to as a pseudonym.  The Click or tap here to enter text. will provide the full victim(s) name and address information for purposes of disbursement of restitution to the Clerk of Court via Restitution Memo filed on the docket under seal.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22